53 F.3d 339
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Jose Ramon PEREZ-GUERRERO, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 93-70817.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 5, 1995.
Decided May 3, 1995.
 
 Before: McKAY,* REINHARDT, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jose Ramon Perez-Guerrero is a native and citizen of El Salvador. He became a lawful permanent resident of the United States on or about April 1986. In January of 1989, he pled guilty in Orange County Municipal Court for the misdemeanor offense of receiving stolen property and was sentenced to sixty days in jail and there years probation. More than a year after his release, he was convicted of grand theft auto and was sentenced to one year in jail and three years probation.
 
 
 3
 After Perez-Guerrero's release from jail, the INS commenced deportation proceedings against him on the basis of the two prior convictions. Specifically, the INS charged that he was deportable pursuant to 241(a)(2)(a)(ii) of the Immigration and Nationality Act because he was an immigrant convicted of two crimes involving moral turpitude. Perez-Guerrero conceded deportability but requested asylum and withholding of his deportation. 8 U.S.C. Secs. 1158, 1253(h). The immigration judge denied his requests for relief, and the BIA affirmed. He petitions for review, and we deny the petition.
 
 
 4
 On appeal, Perez-Guerrero raises only two issues. First, he contends that the BIA denied him due process because it considered his appeal without providing him an opportunity to submit a brief. Second, he contends that the BIA erred in denying his request for asylum and withholding of deportation without considering the cumulative effect of his evidence.
 
 
 5
 The first issue concerns a matter Perez-Guerrero has previously raised before this court. In an earlier appeal of the BIA's affirmance, Perez-Guerrero contended that he had been denied due process because the BIA's failure to notify him of the briefing schedule precluded him from submitting a brief to the Board. This court dismissed that appeal after granting the government's unopposed motion to remand to the BIA "for consideration of petitioner's brief in support of the administrative appeals[.]"
 
 
 6
 In his present appeal, Perez-Guerrero contends that he never received the process that he was due on remand. He contends that on remand the BIA once again failed to inform him of the briefing schedule and thus once again decided his case without first permitting him to submit a brief. We conclude that Perez-Guerrero's argument is without merit.
 
 
 7
 Even if the BIA erred in not informing Perez-Guerrero of a briefing schedule on remand, he has failed to establish prejudice. Perez-Guerrero neither filed a brief nor sought to file one following remand. Nevertheless, the BIA considered two additional arguments that Perez-Guerrero raised in the Ninth Circuit brief that he had lodged with this court in his earlier appeal. Perez-Guerrero does not identify any additional argument that he would have raised had he filed a brief with the Board. Moreover, Perez-Guerrero's contention that he could have filed a motion for voluntary departure if the BIA had notified him when it planned to decide his case does not show that he was prejudiced. A motion for voluntary departure can be filed at any time. Thus, nothing the BIA has done has prevented such a motion from being filed; indeed, nothing prevents such a motion from being filed even now.
 
 
 8
 The second issue concerns the BIA's refusal to consider Perez-Guerrero's evidence of political persecution cumulatively. The BIA declined to review the evidence cumulatively on the ground that there was no authority for such a form of review. Subsequent to the BIA's decision, however, the Ninth Circuit has explicitly endorsed a "totality of the circumstances" approach to requests for relief based on political persecution. See Fisher v. INS, 37 F.3d 1371, 1383-84 (9th Cir. 1994) (holding that the "'totality of the circumstances' approach is a viable means of demonstrating persecution on account of imputed political opinion.") see also Shirazi-Parsa, 14 F.3d 1424, 1428 (9th Cir. 1994) (holding that the Board "erred in ... concluding that the cumulative effect of the incidents did not give rise to a well-founded fear of persecution on account of political opinion").
 
 
 9
 We have held that a remand is appropriate when the BIA's decision is based on an error of law. See Kotasz v. INS, 31 F.3d 847, 851 (9th Cir. 1994. However, even if it were an error for the BIA to have considered his evidence in the manner it did, we would not remand in this case. The testimony of Perez-Guerrero and his mother was that his uncle was killed for refusing to aid the guerillas after he ceased providing transportation for them. The evidence regarding his uncle's death is clearly insufficient to support an asylum claim -- and a fortiori the withholding of deportation request. Petitioner has provided no other evidence that properly bears on his claims for relief. Thus, reviewing those claims under a totality of the circumstances standard could not possibly affect the outcome. Accordingly, we deny the petition.
 
 
 10
 PETITION DENIED.
 
 
 
 *
 The Honorable Monroe G. McKay, Senior Circuit Judge for the Tenth Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3